```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| HANNAH JEGART and DENEEN SPINELLA | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-4841 |
| DIOCESE OF HOUMA THIBODAUX OF THE ROMAN CATHOLIC CHURCH ET AL. | SECTION: "J" (1) |

**ORDER**

Considering Plaintiff's **Motion for Reconsideration (Rec. D. 36)**;

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dept. of Agric., 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is filed within 10 days it is considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 401 (5th Cir. 2003). A Rule 59(e) motion 'calls into question the correctness of a judgment.' [The Fifth Circuit Court of Appeals] has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). This Court may properly decline to consider new arguments or new

evidence on reconsideration where those arguments were available to the movant prior to the order. *Id.*

Plaintiff does not present any evidence or valid argument justifying his delay in responding to the underlying **Motion for Summary Judgment** (Rec. D. 19).[1] Counsel for Plaintiff seems to imply that the Court allowed him only one additional day beyond the deadline to file his opposition to the motion for summary judgment.  Counsel is obviously mistaken.  Defendants filed their motion with this Court on September 14, 2009, and the matter was set for hearing on September 30, 2009.  Under the local rules, any opposition was due 8 days before the hearing date.  Counsel for Plaintiff did not file a timely opposition, but filed a motion for a continuance only five days prior to the scheduled hearing. Defendants opposed the continuance, but the Court granted Plaintiff a continuance, and reset the motion for hearing on October 28, 2009, as requested by counsel for Plaintiff.  With this additional one month continuance, the opposition was due on October 20, 2009.  Again, counsel for Plaintiff failed to file a timely opposition.  During the course of a phone conference on that date, the Court allowed counsel one

---

[1]Counsel does allege he was awaiting the transcript of a 30(b)(6) deposition taken on October 13, 2009, but the record shows that counsel did not request that the court reporter expedite the transcript.  Moreover, the opposition finally submitted makes only brief mention of testimony from this deposition.  There was no reason that counsel could not have filed a timely opposition, and requested leave to supplement with the transcript when received.

additional day to file the opposition. Nonetheless, counsel for Plaintiff did not file an opposition by the next day. This Court then entered its Order granting Defendants' Motion for Summary Judgment on October 22, 2009. It was not until almost two weeks later, on November 2, 2009, when Plaintiff's counsel filed the "Motion for Reconsideration" and attached an opposition to the motion for summary judgment.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Reconsideration (Rec. D. 36)** is **DENIED.**

New Orleans, Louisiana, this the 25th day of November 2009.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] Even assuming the opposition had been timely filed, the Court has reviewed the opposition and finds that it does not create a genuine issue of fact to show that the school's stated reason for the disciplinary action was pretextual.